## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Karla P.,[1]

Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

Defendant.

Case No. 24-CV-4348 (JMB/DLM)

**ORDER**

---

Edward C. Olson, Reitan Law Office, Minneapolis, MN; and Clifford Michael Farrell (*pro hac vice*), Manring & Farrell, Dublin, OH, for Plaintiff Karla P.

James D. Sides and Sophie Doroba, Social Security Administration, Baltimore, MD, for Defendant Frank Bisignano.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Douglas L. Micko, dated January 5, 2026, which recommends denying Plaintiff Karla P.'s appeal of the Commissioner of Social Security Frank Bisignano's (the Commissioner's) denial of her application for supplemental security income (SSI) and disability insurance benefits (DIB).  (Doc. No. 19.)  Karla P. timely objected to the R&R.  (Doc. No. 20.)  For the reasons addressed below, the Court overrules Karla P.'s objection and adopts the R&R.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental party in Social Security orders.

1

**BACKGROUND**

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Further, because the R&R provides a detailed procedural history, the Court only briefly summarizes it here.

Karla P. filed an application for SSI on grounds that she was disabled, as defined in the Social Security Act (SSA). An administrative law judge (ALJ) held a hearing to review Karla P.'s claim. (Doc. No. 8-1 at 107.) At the hearing, Karla P. presented evidence that she has been diagnosed with kidney disease, headaches, tachycardia, nevus pigmentosus, dermatoheliosis elevated LFTs, non-alcoholic steatohepatitis, anxiety, depression, and an adjustment disorder. (*Id.* at 111, 117.)

The ALJ followed the five steps set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), determining the following: (1) Karla P. had not engaged in "substantial gainful activity" since the application date; (2) Karla P. had severe impairments including degenerative disc disease of the cervical spine, hypertension, obesity, left distal clavicle osteolysis, major depressive disorder, generalized anxiety disorder, and adjustment disorder; (3) Karla P. had no impairments that met the criteria of listed impairments for disability benefits under 20 C.F.R. Part 404, Subpart P, App'x 1; (4) Karla P. had the residual functional capacity (RFC) to perform light work subject to some nonexertional limitations; and (5) Karla P. could work available jobs based on her RFC, age, education, and work experience. (*Id.* at 109–110.) Based on these findings, the ALJ concluded that Karla P. was not entitled to SSI benefits.

Karla P. sought judicial review of the decision.  The Magistrate Judge recommends that Karla P.'s request for relief should be denied.  Karla P. timely objected to the R&R.

## DISCUSSION

Karla P. objects to the R&R, arguing that the Magistrate Judge erroneously assumed that a "people rating" (i.e., the fifth digit of the Dictionary of Occupational Titles (DOT) code) of "7" or "8" would be congruent with a limitation to superficial interaction.  Karla P. argues that the ALJ improperly defined "superficial" to equate to a people rating of "7" or "8" on grounds that the definition is arbitrary and unsupported.  (Doc. No. 15 at 10.) Because the ALJ's determination is supported by substantial evidence, the Court overrules Karla P.'s objection and adopts the R&R.

When considering a party's objections to an R&R, the Court conducts a de novo review of the record to determine whether substantial evidence supports the ALJ's decision.  42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance," but enough for a reasonable mind to find adequate to support the ALJ's conclusion.  *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (quotation omitted).  When reviewing the record for substantial evidence, the Court cannot substitute its own judgment or findings of fact for those of the ALJ or disrupt the ALJ's determinations of credibility and weighing of conflicting evidence.  *See Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018); *Hilkemeyer v. Barnhart*, 380 F.3d 441, 445 (8th Cir. 2004).  When the record includes conflicting evidence that could support contrary outcomes, reviewing courts will not reverse the ALJ, even if that court would have decided the case differently.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *see also e.g.*, *Bradley v. Astrue*, 528 F.3d 1113,

1115 (8th Cir. 2008) (noting that court will not reverse ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice'"); *Culbertson v. Shalala*, 39 F.3d 934, 939 (8th Cir. 1994) (noting that the possibility that a court could draw two inconsistent conclusions from the same record does not preclude a determination that substantial evidence supported the Commissioner's decision).

The ALJ found that Karla P. has the residual functional capacity to engage in "brief and superficial interaction with supervisors/co-workers meaning, the 5th digit of the DOT code is a '7' or '8.'" (Doc. No. 8-1 at 116.)  A people rating of "7" is defined as "Serving," which involves "[a] ttending to the needs or requests of people or animals or the expressed or implicit wishes of people" and that "[i]mmediate response is involved." *Appendix B: Explanation of Data, People, and Things*, Dictionary of Occupational Titles, https://occupationalinfo.org/appendxb_1.html.  A people rating of "8" is defined as "Taking Instructions-Helping," which involves "[a]ttending to the work assignment instructions or orders of supervisor" and where "[n]o immediate response required unless clarification of instructions or orders is needed." *Id.*  In an "8" rating, "[h]elping applies to 'non-learning' helpers," as well. *Id.*  By contrast, a people rating of "0" corresponds to "Mentoring," "1" to "Negotiating," "2" to "Instructing, "3" to "Supervising," "4" to "Diverting," "5" to "Persuading," and "6" to "Speaking-Signaling." *Id.*

In her Objection, Karla P. does not challenge the "multiple opinions restricting [her] to superficial interaction with coworkers and supervisors" in the record.  (Doc. No. 20 at 2.)  Instead, she argues that the ALJ "did not explain how superficial was equivalent to the fifth digit of the DOT code being a 7 or an 8," and that the ALJ's definition of superficial

4

as equivalent to a people rating of 7 or 8 was "entirely arbitrary." (*Id.* at 3.)  The Court disagrees.  The ALJ did not err in defining "superficial" as equivalent to a people rating of 7 or 8. *See Katie R. v. O'Malley*, No. 23-CV-1139 (PAM/DLM), 2024 WL 1050822, at *3 (D. Minn. Mar. 11, 2024), *aff'd sub nom. Rygmyr v. Dudek*, No. 24-2005, 2025 WL 1143244 (8th Cir. Apr. 18, 2025).  As the Magistrate Judge noted, Karla P.'s argument that an ALJ errs by referring to a DOT code in this way has been consistently rejected by district courts, including courts in this District.  *See, e.g.*, *Julie P. v. O'Malley*, No. 23-CV-2980 (LMP/ECW), 2024 WL 4880375, at *3 (D. Minn. Nov. 25, 2024) (collecting cases).  As in other cases, the Court rejects Karla P.'s attempt to create a "manufactured inconsistency" between the multiple opinions restricting Karla P. to superficial interaction and the RFC's ultimate limitations.  *Id.* (quotation omitted).

Karla P., citing *Tiffany B. v. Kajakazi*, No. 22-CV-1227 (ECT/DLM), 2023 WL 3958424 (D. Minn. May 22, 2023), *report and recommendation adopted*, 2023 WL 3955348 (D. Minn. June 12, 2023), claims that the DOT people rating does not provide a hierarchy.  *Id.* at *5 ("In prefacing the description of its eight different 'levels' of 'People' relationships, the DOT cautions that 'each of the relationships to People represent a wide range of complexity, resulting in considerable overlap among occupations,' such that 'their arrangement is somewhat arbitrary and can be considered a hierarchy only in the most general sense.'" (citation omitted)).  However, even though the DOT's levels regime "can be considered a hierarchy only in the most general sense, it still remains that a people relationship code of 8 represents the lowest possible level of human interaction that exists in the labor force." *Julie L.P. v. O'Malley*, 23-cv-2980 (PJS/ECW), 2024 WL 4973207, at

*12 (D. Minn. Oct. 18, 2024) (citing cases where "courts have concluded that an RFC limitation of social interaction limitation of 8 on the people scale of the DOT is consistent with limitations of brief and superficial interactions with people in the workplace"). Based on the record as a whole, the Court find that the RFC, including the ALJ's definition of "superficial" as equivalent to a people rating of "7" or "8," was not in error and is supported by substantial evidence.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1.   Plaintiff Karla P.'s objection to the R&R (Doc. No. 20) are OVERRULED.

2.   The R&R (Doc No. 19) is ADOPTED.

3.   Plaintiff Karla P.'s request to reverse or remand the decision of the Commissioner (Doc. No. 15) is DENIED.

4.   Defendant's request to affirm the decision of the Commissioner (Doc. No. 16) is GRANTED.

5.   This matter is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 24, 2026                           /s/ *Jeffrey M. Bryan*
                                                 Judge Jeffrey M. Bryan
                                                 United States District Court